OPINION OF THE JUSTICES OF THE SUPREME JUDICIAL COURT,
CONCERNING THE FILLING OF VACANCIES IN THE HOUSE, AND
THE ELECTION OF MEMBERS THEREOF TO THE COUNCIL.

Vacancies in the house, other than those enumerated in the 2d section of the 6th
chapter of the constitution, may be filled.
Members of the house of representatives may constitutionally be elected to the
council.

At the May session, it was

Ordered, That the committee on elections be directed to report, at the next session, whether any vacancy can be filled in the house of representatives, except such as are enumerated in the second section of the sixth chapter of the constitution;

Ordered, That said committee report, whether any member of the house of representatives can constitutionally be elected to the council board;

Ordered, That said committee, in the name of the house require of the justices of the supreme judicial court their opinion on these subjects.[1]

In pursuance of these orders, the committee laid the questions proposed before the court, and at the January session, the following opinion was received[2]:—

" To the honorable the house of representatives of the commonwealth of Massachusetts.

The justices of the supreme judicial court have attended to the questions, to which by a vote of the house, passed 17th June, 1826, their answer was required, and submit the following as their opinion thereon :—

The first question is, whether any vacancies can be filled in the house of representatives, except such as are enumerated in the 2d article of the sixth chapter of the constitution?

The second, whether any member of the house of representatives can be constitutionally elected to the council board.

We take the liberty to transpose the order of the questions, since the answer to the second involves some considerations, which are of importance in the consideration of the first.

[1] 47 J. H. 136.      [2] Same, 178.

And we are of opinion, that there is nothing in the constitution, which disqualifies, or renders ineligible, a member of the house to a seat in the council.

The 2d article of section 3d, chap. 2, of the constitution, provides for the choice of nine counsellors, from the persons returned for counsellors and senators, with this further provision, that 'in case there shall not be found, upon the first choice, the whole number of nine persons, who will accept a seat in the council, the deficiency shall be made up, by the electors aforesaid, from among the people at large.

We think the framers of the constitution, and the people who adopted it, intended only, by this provision, to exclude the implication, that successive elections should of necessity be made from the senate; which implication might have existed without this provision, since by the constitution, the members of that board are all chosen by the people, counsellors as well as senators.

Members of either branch of the legislature continue to be of the people, for they have no distinct privileges, but only a trust or duty to perform for the people; and therefore, when it is provided that the second choice shall be from among the people at large, we think all citizens are comprehended within that description, who are not disqualified by the constitution to hold a seat in the council; and that the real intent was to leave the choice entirely unrestricted, after an attempt should have been made to fill up the council from the senate.

Such we believe has been the practical construction of the constitution in this particular; for it appears, from the journals in the secretary's office, that on the very first year after it went into operation, a member of the house of representatives was elected a counsellor, and took his seat at that board; and that many such elections were made, between that time and the year 1823.

Cotemporaneous expositions of doubtful provisions in all instruments, and particularly in legislative enactments and constitutional charters, are held to be legitimate and useful sources of construction.

What has been done in the beginning, and has continued to be done for a long series of years, without any question as to the rightful power or authority on which such acts have been predicated, may be presumed, by succeeding public agents, to have been rightfully and properly done; in case no private right or public immunity is invaded.

We therefore do not hesitate to give our opinion, that a member of the house of representatives can, constitutionally, be elected to the council board.

In regard to the other question, whether any vacancies can be filled in the house of representatives, except such as are enumerated in the second article of the sixth chapter of the constitution, we answer, that what we understand to have been the practice, namely : to fill vacancies made by the election of a member of the house to a seat in the senate, or the council, may well be supported by the principles of the constitution, and by analogy to certain cases, provided for by that instrument.

It was evidently the intent of the framers of the constitution, to recognize the right of towns, whose representatives had been called by the constituted authorities to the exercise of some other public duty, inconsistent with their legislative functions, to supply their place by a new election; as will appear by the numerous cases provided for in the article of the constitution cited in the question proposed. It was probably not contemplated that seats would be vacated by a legislative election to another department of the government, and therefore that case is not provided for.

But it is to be considered that every town, having the number of polls required by the constitution, has a right to be represented in the popular branch of the legislature; and that this is a valuable and important right, of which the inhabitants ought not to be deprived without their own consent. In the case supposed, the inhabitants of the town have signified their intent and desire to avail themselves of this right, by the actual election of a member. In addition to the common interest, which they have in the general concerns of the state, in the

management of which they are entitled to a voice, they may have important local interests, which, in their opinion, require the special care and attention of one of their own body. Now, if, by the removal of their representative into the senate or the council, they must remain unrepresented, they are virtually disfranchised for the current year; and this, by the two branches of the legislature, who, if they have not imposed a duty, have offered strong inducements to the representative of the town to forsake the place, to which he had been elected with a view to the particular interests of the town, as well as the general interests of the public.

The case may be different where the seat shall be vacated by death, resignation or removal out of the state; for these are contingencies of which towns may be supposed to take the risk, when they make their election. Our opinion is confined to the case of a seat vacated by the interference of the constituted authorities, who have called the representative to another sphere of public duty; and in such case, we think his place may be supplied by the town he represented, because they would otherwise be deprived of their voice in the legislative department, without their consent; and this would be contrary to one of the fundamental principles of a free representative government. We think, therefore, that what we understand to have been the settled practice of the house, in similar cases, is founded upon a just view of the principles of the constitution, and upon analogy to the cases, for which express provision has been made; it appearing from these cases, that whenever a representative has been called to the exercise of any public trust, which disqualifies him for a seat in the house, the framers of the constitution and the people thought the town, which he represented, ought not thereby to lose its voice in the legislative councils.

We ask leave further to suggest, that as every town has, originally, a right to decline being represented, subject to the power of the house to impose a fine for the neglect; so, this right would remain when called upon by a precept from the house, requiring them to make a new election; for this precept

cannot be of greater force than the constitution, which, according to decisions heretofore made, leaves the option to the towns to be represented or not, on the condition above stated.

For the foregoing reasons, we are of opinion, that vacancies in the house of representatives, other than such as are enumerated in the 2d article of the 6th chapter of the constitution, being of the kind supposed in the preceding remarks, may be filled by new elections.

All which is respectfully submitted,

(Signed)      ISAAC PARKER,
                    SAMUEL PUTNAM,
                    S. S. WILDE,
                    MARCUS MORTON."

The committee then reported, in accordance with this opinion :—

First, that vacancies can be filled in the house of representatives, except [and other than] such as are enumerated in the 2d section of the 6th chapter of the constitution ; as, where a member of this house is elected by the legislature a member of the senate, and called up to that board, the vacancy thereby created, in the opinion of the committee, may be filled up.

Secondly, that a member of the house of representatives can be constitutionally elected to the council board.[1]

The report was agreed to.[2]

[1] 47 J. H. 178.               [2] Same, 191, 198, 199.

---

# 1827—1828.

### COMMITTEE ON ELECTIONS.

Messrs. *Laban Marcy*, of Greenwich, *Thomas P. Beal*, of Kingston, *Elisha Mack*, of Worthington, *Lester Filley*, of Otis, *Solomon S. Whipple*, of Salem.

32